**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE PENSION FUND and WENDELL W. YOUNG, IV, as Trustee and Fiduciary for United Food and Commercial Workers and Participating Food Industry Employers Tri-State Pension Fund, <br><br> Plaintiffs, <br><br> v. <br><br> AVON FOODS, INC. and MANJIT SINGH, individually, jointly, severally or in the alternative, <br><br> Defendants. | Civil Action No. 09-cv-6189 (NLH)(KMW) <br><br> **MEMORANDUM & ORDER** |

**HILLMAN, District Judge**

THIS MATTER having been raised by motion filed by Plaintiffs, on or around May 5, 2010, seeking default judgment against Defendants; and

It appearing that on or around June 7, 2010, Defendants responded to the Motion for Default Judgment, explaining that the parties have reached a settlement in this case; and

It appearing that on or around June 14, 2010, Plaintiffs' counsel submitted a letter to the Court, disputing Defendants' representations that a settlement had been reached and arguing that default judgment is still warranted because Defendants have

not filed a responsive pleading in this case; and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process -- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that Defendants have responded to Plaintiffs' motion, but have yet to file any responsive pleadings in this case;

Accordingly,

IT IS on this ___20th___ day of ___July___, 2010, hereby

**ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. # 5) is **DENIED, without prejudice**; and it is further

**ORDERED** that Defendants have thirty (30) days from the date

of this Order to file a responsive pleading to Plaintiffs' Complaint.  Failure to comply with this Order or the Federal Rules of Civil Procedure could lead to the entry of a default judgment against Defendants; and it is further

**ORDERED** that, in addition to electronic filing and delivery, the Clerk of the Court shall send a copy of this Order to Defendants via first-class standard mail.


|  |  |
|---|---|
|  | /s/ NOEL L. HILLMAN |
| At Camden, New Jersey | HON. NOEL L. HILLMAN, U.S.D.J. |